I respectfully dissent from the affirmance of this judgment. I do not think that Vining was acting as an agent of the City of Birmingham at the time of the event in question. He was serving as an employee of Gene's Jukebox; his duty was to prevent fights on the premises of his employer. The fact that the City of Birmingham imposes some rules on its officers regarding their off-duty work does not make them its agents when they undertake such work on their own time.
Moreover, I stand by my special concurrence in Thetford v.City of Clanton, 605 So.2d 835, 842-44 (Ala. 1992), in which I expressed the opinion that the doctrine of substantive immunity applies to a claim against a municipality alleging failure to provide police protection. If that doctrine applies to the actions of on-duty police officers, it also should apply to the actions of officers when they are off duty. I do not think a city should be held liable for the failure of an off-duty officer to prevent a crime.